UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TERRENCE L. LUCAS, | ) | CASE NO. 1:05 CV 1731 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| RUSSELL B. WISEMAN, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On July 6, 2005, plaintiff pro se Terrence L. Lucas filed this in forma pauperis action against former Crawford County Prosecutor Russell B. Wiseman, former Crawford County Common Pleas Judge Nelfred G. Kimerline, and Attorney Thomas Mathews. The complaint asserts defendants violated plaintiff's constitutional rights in connection with his 1999 prosecution in the Crawford County Court of Common Pleas for drug trafficking and carrying a weapon under disability. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental employee or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon

which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; <u>Siller v. Dean</u>, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

As a threshold matter, it is evident on the face of the complaint that the statute of limitations for bringing a section 1983 claim expired well before plaintiff filed this action. <u>Browning v. Pendleton</u>, 869 F. 2d 989 (6th Cir. 1989)(Ohio's two year statute of limitations for bodily injury applies to section 1983 claims). There would thus be no purpose in allowing this matter to go forward, in view of the fact that it is clearly time-barred.  <u>See</u>, <u>Fraley v. Ohio Gallia County</u>, No. 97-3564, 1998 WL 789385, at **1 (6th Cir., Oct. 30, 1998)(affirming <u>sua</u> <u>sponte</u> dismissal of <u>pro</u> <u>se</u> section 1983 action filed after two year statute of limitations for bringing such an action had expired); <u>see</u> <u>also</u>, <u>Ashiegbu v. Kim</u>, No. 97-3303, 1998 WL 211796 (6th Cir. Apr. 24, 1998)(section 1915(e) <u>sua</u> <u>sponte</u> dismissal is appropriate where claim is barred by statute of limitations).

Further, defendants Wiseman and Kimerline are immune from liability for actions taken within the scope of their official duties. <u>Pierson v. Ray</u>, 387 U.S. 547 (1967) (judges); <u>Imbler v. Pachtman</u>, 424 U.S. 409 (1976) (prosecutors).  There is no suggestion in the complaint that these defendants acted outside the scope of their official duties with regard to the actions of which plaintiff complains.  Further, as regards the claim against defendant Mathews, a criminal defense attorney who acts in that

capacity on behalf of a criminal defendant does not act under color of state law.  Polk County v. Dodson, 454 U.S. 312 (1981); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976).

Finally, to the extent plaintiff is seeking to challenge the fact or duration of his physical imprisonment, his sole federal remedy is a writ of habeas corpus.  Preiser v. Rodriquez, 411 U.S. 475 (1973).  Moreover, absent allegations that criminal proceedings terminated in plaintiff's favor or that a conviction stemming from the asserted violation of his rights was reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, he may not recover damages for his claim.  Heck v. Humphrey, 512 U.S. 477 (1994).

Accordingly, this action is dismissed under section 1915A.  Further, the court certifies, pursuant 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE


Dated: 8/24/05

-3-